White, J.
delivered the opinion of the court.
The defendant as sheriff of Carter county, executed a Cap. aa Pesp. which had been issued at the instance, and in the name of the plaintiff—when he executed the writ he took a bail bond with only one security ; that security is admitted to have been sufficient. The plaintiff after obtaining judgment against the original defendant, took out a Sci. Fa. against the present defendant, viewing him as the bail of the original defendant—The circuit court determined that the present defendant was not responsible as bail, and has given a judgment in his favor, from which this writ of error is taken.
On behalf of the plaintiff, it has been urged, that the defendant is liable under the provisions of an act of assembly, passed in 1794. chap. 1, sec. 11, found in Hayw. Rev. 180, which directs, that the sheriff shall take two sufficient securities, &c.
We are of opinion, that the object which the legislature had in view, in framing this section, was, to compel the sheriff to take such security as would make the plaintiff reasonably safe ; and that part of the section which speaks of two securities, is only directory to the sheriff ; if it was not literally complied with, that the bond is not therefore void.
The plaintiff has his remedy upon the bond taken by the sheriff, and it would be no defence to the person who executed that bond, to say, it was not executed by any other as bail, but himself.
We cannot see how this case, upon principle, can be distinguished from appeals. where one security only is taken, When the statute requires two—in several such cases, the superior courts, have determined, that appeals should not for that reason alone be dismissed.
To subject a sheriff, as bail, to the satisfaction of a judgment under this section, it seems to us, that he must either not have taken and returned a bond ; or if he took and returned a bond, whether one or more persons executed it as bail ; that the plaintiff must, at the return term, have excepted to the sufficiency of the bail, and after notice to the sheriff, the bail must have been held insufficient, as neither of these things has occurred in the case now before us, the judgment of the circuit court must be affirmed.